■ WILLIAM HAWKINS et al., Respondents, v STEWART & CLINTON, CO., LLC, et al., Appellants. [18 NYS3d 450]—

In an action to recover damages for personal injuries, etc.,

the defendants appeal from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered June 25, 2014, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

On January 28, 2010, the plaintiff William Hawkins (hereinafter the injured plaintiff) allegedly sustained personal injuries on premises owned by the defendant Stewart & Clinton Co., LLP (hereinafter Stewart), when he allegedly was hit by a truck in the parking lot. The premises had been leased to nonparty Federal Express Corporation (hereinafter Fed Ex), by whom the injured plaintiff was employed as a driver. The injured plaintiff, and his wife suing derivatively, commenced this action against Stewart and Burman Services Corp. (hereinafter Burman) alleging, among other things, that they were negligent in designing and maintaining the parking lot in a defective and dangerous condition. Following discovery, the defendants moved for summary judgment dismissing the complaint, asserting, inter alia, that Stewart, as an out-of-possession landlord, was not responsible for the condition that allegedly caused the accident, and that Burman had no connection to the property. The Supreme Court denied their motion. We reverse.

An out-of-possession landlord's duty to repair a dangerous condition on leased premises may be imposed by statute or regulation, by contract, or by course of conduct (*see O'Keefe v Lindel Corp.*, 118 AD3d 966, 967 [2014]; *Wenzel v 16302 Jamaica Ave., LLC*, 115 AD3d 852 [2014]). Here, the defendants demonstrated that the lease between Stewart, as landlord, and Fed Ex, as tenant, unequivocally placed the ongoing obligation to repair and maintain the subject parking area and the exterior lighting solely on Fed Ex. The evidence submitted by the defendants demonstrated that Stewart did not have an ongoing obligation to repair and maintain the area where the accident occurred. Further, the evidence submitted by the defendants demonstrated that the design of the parking lot was not the proximate cause of the accident. The defendants also demonstrated that Burman dissolved in 2009 and, thus, did not exist at the time of the subject accident. The plaintiffs failed to raise a triable issue of fact in opposition to the prima facie showing made by the defendants on their motion. Accordingly, the Supreme Court erred in denying the defendants' motion for summary judgment dismissing the complaint (*see*

*O'Keefe v Lindel Corp.*, 118 AD3d 966 [2014]). Mastro, J.P., Balkin, Dickerson and Roman, JJ., concur.